BOOTH *et al. v.* THE STATE OF GEORGIA *et al.*

1. The bond of a depository bank creates a lien on all the assets of the bank from the date of the bond. Where the depository bank becomes insolvent and a receiver is appointed to administer its affairs, and the receiver has in his hands sufficient funds to pay the preferred claims of the State, a depositor has not the right to require the State first to pursue its lien on property previously sold by the bank, before the fund in the hands of the receiver can be applied to the State's preferred claim.

2. When this case was before this court on a former occasion (131 *Ga.* 750), the judgment was reversed with direction that the same judgment be entered in term, if at the time of entering the same the case before the court should not be materially changed. The only material change is the assertion by the State of two additional items, to wit: the alleged deposits standing in the name of the State geologist and the State librarian; and the exception being that the judgment was rendered without evidence, the judgment of the court below is reversed to the extent of these items, with the direction that the State be required to prove such items.

FEBRUARY 26, 1910. Lumpkin, J., being disqualified, Judge Meadow, of the Northern Circuit, was designated to sit in his stead.

Intervention. Before Judge Ellis. Fulton superior court. June 11, 1909.

*R. B. Blackburn, Walter R. Brown, F. M. Hughes,* and *E. P. Upshaw,* for plaintiffs in error.

*John C. Hart, attorney-general, Candlers, Thomson & Hirsch,* and *R. L. D. McAllister,* contra.

MEADOW, J. Upon the failure of the Neal Bank the State of Georgia, through its attorney-general, filed a petition for the appointment of a receiver. A receiver was appointed. Subsequently the State of Georgia by amendment, on intervention, alleged that the State had on deposit certain funds, to which funds the State was entitled in preference to other creditors. The application of the State was resisted by S. Booth et al., depositors. The court granted the prayer of the petition, and exceptions were taken thereto. Upon consideration of the writ of error the court held

(131 *Ga.* 750) that the judge reached the correct result from the evidence submitted; but as the case was decided in vacation, direction was given that the premature judgment be entered in term time, if at the time of entering the same the case before the court should not be materially changed.    After the case was remanded, Booth and others amended their petition, alleging, that the Neal Bank was a State depository, and on May 20th, 1904, had executed its bond with security, as required by law, as a State depository; that the Neal Bank is insolvent and the assets in the hands of the receiver are insufficient to pay all of the creditors of the bank; that objectors are informed and believe that there is other property, consisting of realty and personalty, which is subject to the State's lien; and they pray that, inasmuch as the funds in the hands of the receiver are insufficient to pay the claims of the depositors and the State in full, the State be decreed to assert its statutory lien to the extent of the bond given upon the real and personal property mentioned, which had been transferred by the bank prior to its failure, and that the State of Georgia be directed to exhaust this property before participating in the common assets in the hands of the receiver.   This amendment was allowed subject to demurrer; and a rule nisi was issued, directing the receiver and the attorney-general to show cause why the prayer of intervenors should not be granted.    The State of Georgia and the receiver filed their answers, the attorney-general setting up that in addition to the two sums set up in the original intervention, the State of Georgia had on deposit at the time of the failure of the bank, in the name of C. J. Wellborn, State librarian, the sum of $1,511.54, and in the name of W. S. Yeates, State geologist, the sum of $1,300.49, which amounts had been reduced by the receiver by the payment of certain sums therein specified.    On the hearing Booth et al. urged that an issue of fact was made by this amendment, and moved that the case be submitted to a jury for the trial of such issue, which motion the court denied.    The State of Georgia, through its attorney-general, then moved to strike the amended intervention; the court granted the motion, and entered an order dismissing the intervention, and a judgment directing the receiver to pay over to the treasurer of the State of Georgia the amount of money standing in the name of the State, the amount standing in the name of the tax-collector of DeKalb county, the amount standing in the name

of the State librarian, and the amount standing in the name of the State geologist. Exception is taken to these rulings.

1. The allegations of the amended intervention of Booth et al. presented no reasons, legal or equitable, for the grant of the relief they prayed. The principle stated in the headnote is well settled by the previous adjudication in the present case and other decisions of this court, and further elaboration is unnecessary.

2. According to the direction given by this court, the judgment previously entered in vacation was to be entered in term, unless the case before the court was materially changed. The only material change was the amendment offered by the State, claiming that the deposits of the State geologist and State librarian were money belonging to the State. The bill of exceptions recites that there was no evidence submitted to support this amendment. It is an elementary rule that a plaintiff can not recover without proof of his demand, unless the same is admitted or due authentication waived. It does not appear from the record that the State's contention with respect to these two deposits was admitted or proof thereof waived; and as there was no evidence offered by the State in support of this contention, the judgment is reversed as to that part of the decree, with direction that evidence be heard as to the right of the State to claim these two deposits as her own, and that the proper decree or order be entered agreeably to the finding of fact.

*Judgment affirmed in part, and reversed in part, with direction. All the Justices concur.*